Scott PELTZ, Trustee for the
USN Communications
Liquidating Trust

v.

NEW AGE CONSULTING
SERVICES, INC.

Adversary No. A–00–1917.

United States Bankruptcy Court,
D. Delaware.

April 9, 2002.

Christopher P. Simon, The Bayard Firm, Wilmington, DE, Daniel D. Wilt, Euclid, OH, for New Age Consulting Service, Inc.

Mark Minuti, Tara L. Lattomus, Saul Ewing, LLP, Wilmington, DE, Michael J. Small, Frank W. DiCastri, Therese C. King, Foley & Lardner, Chicago, IL, for Scott Peltz, as Trustee for the USN Communications Liquidating Trust.

PETER J. WALSH, Bankruptcy Judge.

Dear Counsel:

This is with respect to the motion (Doc. # 11) of New Age Consulting Services, Inc. ("Defendant") for summary judgment. I will deny the motion for the reasons discussed below.

USN Communications, Inc. ("USN") and its affiliates (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on February 18, 1999 ("Petition Date"). (Def.'s Mot. (Doc. # 11) ¶ 1.) Prior to the Petition Date, on January 13, 1998, Defendant filed a complaint against USN in Ohio state court alleging fraud and resulting damages in excess of $50,000.00 (the "Ohio Action"). (*Id.* at ¶ 6.) Thereafter, on December 7, 1998, Defendant and USN (collectively, the "Parties") entered into an agreement ("Release") pursuant to which USN agreed to pay Defendant $7,000.00 in exchange for Defendant's agreement to voluntarily dismiss the Ohio Action. (*Id.* at ¶ 7.) The Release provides in pertinent part:

> New Age Consulting Services Inc., for and in consideration of the payment of Seven Thousand Dollars ($7,000.00), the receipt whereof is hereby acknowledged, have remised, released, and forever discharged... USN Communications Inc., its heirs, executors, administrators, guardians, successors and assigns of and from all, and all manner of action and actions, causes of action, suits, debts... both known and unknown, which against USN Communications Inc., the said New Age Consulting Services Inc. had in connection with a claim for alleged breach of contract the aforesaid New Age Consulting Services Inc. had filed against USN Communications Inc. It is the intent of the parties that all claims in connection with this specific claim are hereby discharged forever.

(Release at 1.) The Release further provides:

> It is further understood that a certain law suit known as New Age Consulting Services Inc. vs. USN Communications Inc. filed in the Cuyahoga County Common Pleas Court, Case Number 346775 shall be marked settled and dismissed with prejudice at the costs of the Defendant.

(*Id.*) Although Defendant acknowledged in the Release the receipt of the $7,000.00 payment ("Alleged Transfer") from USN at the time the parties executed the Release, payment of the Alleged Transfer

was not actually made until January 6, 1999. (Pl.'s Resp. (Doc. # 14) at 2.) [1]

On April 5, 2000, Scott Peltz ("Plaintiff") was appointed as Liquidating Trustee for the USN Communications Liquidating Trust.[2] Subsequently, on December 15, 2000, Plaintiff commenced the instant action against Defendant seeking (i) to avoid the Alleged Transfer pursuant to 11 U.S.C. § 547[3], and (ii) to recover such transfer pursuant to 11 U.S.C. § 550.[4] (Def.'s Mot. (Doc. # 11) ¶ 2.) Thereafter, on July 31, 2001, Defendant filed its motion (Doc. # 11) for summary judgment. Defendant argues that it is entitled to judgment as a matter of law because the Alleged Transfer was not made for or on account of an antecedent debt in accordance with § 547(b)(2). (Id. at ¶¶ 8–9.) Defendant also contends that even if the Court were to determine that the Alleged Transfer satisfies the requirement of § 547(b)(2), Defendant is nevertheless entitled to judg-

ment as a matter of law because the Alleged Transfer constitutes a contemporaneous exchange for new value under § 547(c)(1)[5]. (Id. at ¶¶ 10–12.)

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[6] Although Defendant has met its burden of demonstrating that no genuine issue of material fact is in dispute, see Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), I nevertheless find that summary judgment is not proper because, based on the facts and circumstances of this case, Defendant is not entitled to judgment as a matter of law.

Defendant first argues that summary judgement is proper because the Alleged

---

1. USN executed a check dated January 6, 1999 which was deposited by Defendant on or about January 11, 1999.

2. This was done pursuant to the First Amended Joint Consolidated Plan of Reorganization ("Plan"), the confirmation order (Doc. # 624, Case No. 99–383), and a liquidating trust agreement dated April 5, 2000.

3. 11 U.S.C. § 547 provides in pertinent part:
(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

4. 11 U.S.C. §§ 101 et seq. is hereinafter referred to as "§ —".

5. Section 547(c)(1) provides:
(c) The trustee may not avoid under this section a transfer—
(1) to the extent that such transfer was—
(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange;

6. Federal Rule of Civil Procedure 56(c) is applicable to contested matters in bankruptcy pursuant to Federal Rules of Bankruptcy Procedure 9014 and 7056.

Transfer was not made for or on account of an antecedent debt in accordance with § 547(b)(2), but was made in exchange for a dismissal of the Ohio Action and a release of USN by Defendant. (Def.'s Mot. (Doc. # 11) ¶ 8.)

 "Debt" is defined in the Bankruptcy Code as a "liability on a claim". 11 U.S.C. § 101(12). "Claim" is defined as any "right to payment, *whether or not such right is reduced to judgment,* liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured". 11 U.S.C. § 101(5) (emphasis added). These terms are coextensive and construed broadly. *In re First Jersey Sec., Inc.,* 180 F.3d 504, 510 (3d Cir.1999); *see also* H.R. REP. No. 595, 95th Cong., 1st Sess. 310 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6267; Sen. REP. No. 989, 95th Cong., 2d Sess. 23 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Thus, "when a creditor has a claim against a debtor—even if the claim is unliquidated, unfixed, or contingent—the debtor has incurred a debt to the creditor." *Energy Coop., Inc. v. SOCAP Int'l, Ltd. (In re Energy Coop., Inc.),* 832 F.2d 997, 1001 (7th Cir.1987). A debt is *antecedent* for the purposes of § 547(b) if it was incurred before the debtor made the allegedly preferential transfer. *E.g., First Jersey,* 180 F.3d at 510–11; *Matter of RDM Sports Group, Inc.,* 250 B.R. 805, 811 (Bankr. N.D.Ga.2000). In addition, a debt is deemed to have been incurred " 'on the date upon which the debtor first becomes legally bound to pay.' " *RDM Sports,* 250 B.R. at 812 (quoting *Bernstein v. RJL Leasing (In re White River Corp.),* 799 F.2d 631, 632 (10th Cir.1986)); *see also*

*Upstairs Gallery, Inc. v. Macklowe West Dev. Co., L.P. (In re Upstairs Gallery, Inc.),* 167 B.R. 915, 918 (9th Cir. BAP 1994).

 Applying this analysis to the facts of this case, I find that USN incurred a "debt" ("Debt") to Defendant, and Defendant held a "claim" against USN, as of the date upon which USN's allegedly fraudulent conduct gave rise to the Ohio Action. *See* 11 U.S.C. § 101(5), (12).[7] Thus, when USN paid the Alleged Transfer to Defendant on January 6, 2000 pursuant to the terms of the Release, it did so "for or on account of an antecedent debt" as provided in § 547(b)(2). Defendant disagrees with this analysis and argues that the Release, governed by Ohio law, created new rights and obligations between the parties, thereby extinguishing any claims that may have been made prior to its execution. (Def.'s Reply (Doc. # 15) ¶ 4.) However, the fact that the Release "extinguished" the Debt supports the conclusion that the Alleged Transfer, made pursuant to the terms thereof, was made for or on account of an antecedent debt. In addition, the fact that the Release created new rights and obligations between the Parties and extinguished any claims that may have been made prior to its execution does not alter the fact that USN entered into the Release, and made the Alleged Transfer pursuant thereto, in an effort to settle the Ohio Action. In my view, this situation is no different than one in which an action proceeds to judgment and a debtor pays the judgment within the ninety days preceding the petition date. Under those circumstances, the payment would be avoidable as a preferential transfer because it relates back to the creditor's original

---

7. Thus, the Debt/claim arose prior to January 13, 1998. It was at that time that USN's obligation to pay damages to Defendant arose. The fact that Defendant's claim had

not yet been reduced to judgment is not significant. *See* 11 U.S.C. § 101(5) (" 'claim' means—a right to payment, *whether or not such right was reduced to judgment*").

claim. *See First Potter County Bank v. Hogg (In re Hogg)*, 35 B.R. 292, 293–94 (Bankr.D.S.D.1983) (finding bank's garnishment of certificate of deposit within preference period, executed in connection with deficiency judgment entered against debtor, to be transfer "on account of an antecedent debt as it arose from a previously acquired default judgment"); *see also RDM Sports*, 250 B.R. at 811–12, 817 (granting chapter 11 trustee's motion for summary judgment on his preference action and finding that transfer made 33 days prior to petition date in settlement of default judgment entered against debtor constituted a transfer made on account of an antecedent debt in accordance with § 547(b)(2)); *Int'l Ventures, Inc. v. Block Properties VII (In re Int'l Ventures, Inc.)*, 214 B.R. 590, 592–96 (Bankr.E.D.Ark.1997) (finding that "[t]here is no question" that transfer made within the preference period pursuant to settlement of default judgment entered against debtor was made "on account of an antecedent debt" and holding that earmark doctrine did not apply to prevent debtor from avoiding the transfer). Similarly, here, the Alleged Transfer was paid in settlement of Defendant's original claim against Debtor. As such, it constitutes a payment that was made on account of an antecedent debt under § 547(b)(2).

▪ Defendant next argues that even if the Alleged Transfer satisfies the requirement of § 547(b)(2), Defendant is nevertheless entitled to judgment as a matter of law because the Alleged Transfer constitutes a contemporaneous exchange for new value under § 547(c)(1). (Def.'s Mot. (Doc. #·11) ¶¶ 10–12.) I disagree. Although Defendant argues that what USN received in exchange for the Alleged Transfer was freedom from future litigation, as discussed above, I find that what USN really received in exchange for the Alleged

Transfer was freedom from liability on an antecedent debt. The Release specifically provides that in consideration for the Alleged Transfer, Defendant released and discharged USN "from all, and all manner of action and actions, causes of action, suits, debts ... both known and unknown, which against [USN], [Defendant] *had* in connection with a claim for alleged breach of contract [Defendant] *had* filed against [USN]." (Release at 1) (emphasis added). It also specifically addresses the Ohio Action and states that "a certain law suit known as New Age Consulting Services Inc. vs. USN Communications Inc. filed in the Cuyahoga County Common Pleas Court, Case Number 346775 shall be marked settled and dismissed with prejudice at the costs of the Defendant." (*Id.*) While it is true that the Release also refers to the discharge of "all claims in connection with this specific claim," the repeated use of the word "had" and the specific reference to the Ohio Action indicate that the Release was executed more as an attempt to free USN from its pending liability on the Debt than an attempt to release USN from the possibility of future litigation. *See id.* Even if I were to find that the Release was given in an effort to free USN from future litigation, the Release would still not constitute "new value" under § 547. Section 547(a)(2) provides:

"new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

11 U.S.C. § 547(a)(2). Courts have found this definition of "new value" to be exclusive. *See, e.g., Energy Coop., Inc.*, 832 F.2d at 1002–03; *Bioplasty Inc. v. First*

*Trust Nat'l Ass'n. (In re Bioplasty, Inc.),* 155 B.R. 495, 499–500 (Bankr.D.Minn. 1993). Because the Release does not constitute "money or money's worth in goods, services, or new credit," or a "release of property previously transferred to USN by Defendant," it does not and cannot constitute "new value" under § 547(c)(1).[8]

Defendant cites *Lewis v. Diethorn,* 893 F.2d 648 (3d Cir.1990) in support of its argument that the Alleged Transfer was *not* made on account of an antecedent debt and/or constitutes a contemporaneous exchange for new value. (Def.'s Mot. (Doc. # 11) ¶¶ 9, 11.) However, I find *Lewis* to be inapposite. In that case, the Third Circuit held that a debtor's pre-petition payment to settle a lawsuit and remove a lis pendens on real property that was the subject of the suit did not constitute a preferential transfer that could be avoided pursuant to § 547(b) because "[w]hat [the debtor] received was not the freedom from liability on an antecedent debt, but the freedom from the risk of litigation, *together with the rise in value of the property which resulted when the lis pendens was lifted." Id.* at 650 (emphasis added). In contrast, as discussed above, the only thing that USN received in exchange for the Alleged Transfer was, in fact, freedom from liability on an antecedent debt. There was no additional increase in value of any assets of the estate. In addition, where the court in *Lewis* also based its decision in part on its finding that "even if the transfer had been for an antecedent debt, it would have been in satisfaction of an equitable lien, an obligation which would also have defeated the trustee's avoidance power", *id.,* no similar finding can be made here.

Rather, I find the facts and circumstances of this case to be similar to those in *Bioplasty Inc. v. First Trust Nat'l Ass'n.,* 155 B.R. 495 (Bankr.D.Minn.1993). In *Bioplasty, Inc.,* a chapter 11 debtor sought to avoid allegedly preferential transfers made in pre-petition settlement of class action securities claims. 155 B.R. at 496–97. In finding the transfers to be made on account of the debtor's antecedent debt, the court found that the debt was created by the alleged actions of debtor giving rise to the plaintiffs' claims and stated:

> "The actions that gave rise to the class action suit gave the class action plaintiffs a right to pursue damages against [debtor]. Even though any ultimate right to payment was disputed contingent, unliquidated, and not reduced to judgment, such right still constitutes a claim under the Bankruptcy Code, and '[w]here a claim exists, so does a debt.' "

*Id.* at 498 (quoting *Energy Coop., Inc.,* 832 F.2d at 1002) (finding that the debtor's anticipatory breach of the contract created a claim in the creditor's favor, and therefore, a debt). In addition, the court also found that the release of an injunction previously imposed in the class action suit and the dismissal of the class action suit given in exchange for the transfer "simply [did] not constitute new value under section 547" where the definition of "new value" provided by section 547(a)(2) is exclusive. *Id.* at 499–500; *see also Energy Coop., Inc.,* 832 F.2d at 1003 ("[Creditor] does not (and cannot) argue that this 'new value' is 'money or money's worth in goods, services or new credit,' or a transfer of property to [debtor] that [debtor] had previously transferred to [creditor]."). Here too, for the reasons discussed above,

---

**8.** Because I find that the Alleged Transfer was paid on account of an antecedent debt and not in exchange for new value, there is no need to determine whether the exchange was contemporaneous.

I find that the Alleged Transfer, paid in settlement of the Ohio Action and in exchange for Defendant's release of all claims against USN arising in connection thereto, was made for or on account of an antecedent debt in accordance with § 547(b)(2), and did not constitute an exchange for "new value" under § 547(c)(1). Therefore, Defendant's motion (Doc. # 11) for summary judgment is *denied*.

SO ORDERED.